NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-877

COMMONWEALTH

vs.

AYLIS H. DRYDEN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Boston Municipal Court, the defendant was convicted of assault and battery and reckless endangerment of a child.  On appeal, the defendant contends that the trial judge erred in admitting in evidence two statements of the victim, who did not testify at trial, thereby violating the defendant's constitutional right to confront witnesses against him.  After review, we conclude that the two statements were properly admitted under the excited utterance exception to the rule against hearsay and that his right to confrontation was not violated.  We affirm.

Background.  At about 5:15 P.M. on September 21, 2019, police received a 911 call; the female caller reported that a

man wearing red pants was beating a child on the street. Within fifteen minutes, police received another 911 call; the male caller reported that a group of people were chasing the man in the red pants. A responding officer wearing a body-worn camera approached the defendant, who was sitting on some steps shirtless and wearing red pants; he was sweating profusely. Standing a few feet away was a ten year old boy, looking scared and upset; he was crying and shaking, gasping for breath, and his shirt collar had been ripped with the shirt torn down the middle, exposing his chest. The defendant summoned the boy and told him to get away from the police. The boy reluctantly walked toward the defendant, saying, "Please don't hurt me. Please don't hurt me." As the officer spoke with the defendant, another officer took the boy aside and tried to console him. Crying heavily, the boy told the officer that the defendant had punched and choked him. The defendant was arrested and the boy was taken to a hospital.

Discussion. Just prior to trial, the Commonwealth moved in limine to admit a statement of the victim in evidence: "Please don't hurt me. Please don't hurt me." The prosecutor argued that the statement was an excited utterance and relevant to "the elements of the crime," and showing the victim's "mindset." The defendant argued that the statement was ambiguous, irrelevant and not subject to cross-examination. As the statement was

2

captured on video, the judge watched the video footage to make his ruling. The judge allowed the Commonwealth's motion.

Later, during the course of trial, defense counsel cross-examined a police officer as to his observations of the victim on scene. Subsequently, the prosecutor argued to the judge that the line of questioning suggested that the victim never disclosed to anyone what happened, when in fact the victim did tell another police officer on scene that the defendant had punched and choked him. The prosecutor then sought to introduce that statement as an excited utterance. After voir dire of the witness, the judge allowed the statement to be admitted.

On appeal, the defendant argues that the court's rulings, allowing these two statements of the victim in evidence, were prejudicial error. We disagree. There was no abuse of discretion in the judge finding each statement was admissible as an excited utterance. The excited utterance exception to the rule against hearsay makes admissible hearsay statements in which the declarant did not have the time or forethought "to contrive or fabricate the remark." Commonwealth v. Baldwin, 476 Mass. 1041, 1042 (2017), quoting Commonwealth v. Zagranski, 408 Mass. 278, 285 (1990). An excited utterance is admissible if "(1) there is an occurrence or event 'sufficiently startling to render inoperative the normal reflective thought processes of the observer,' and (2) if the declarant's statement was 'a

3

spontaneous reaction to the occurrence or event and not the result of reflective thought.'" Commonwealth v. Santiago, 437 Mass. 620, 623 (2002), quoting 2 McCormick, Evidence § 272, at 204 (5th ed. 1999). Whether a statement qualifies as an excited utterance is a matter left to the sound discretion of the trial judge. Commonwealth v. Wilson, 94 Mass. App. Ct. 416, 423 (2018).

Here, the judge had before him evidence that the child victim had sustained an assault and battery just preceding his statements. The event was so notable that it caused bystanders to call the police. The victim's statements were made spontaneously, not in response to direct questioning, and within minutes of the assault. Furthermore, the victim was in visible emotional distress while he made the statements, crying throughout, as well as physical distress, as he gasped to catch his breath. The judge was well within his discretion in determining that each statement qualified as an excited utterance. See Baldwin, 476 Mass. at 1042 (discussing factors to be considered when determining whether statement qualifies as excited utterance including declarant's age and demeanor, degree of spontaneity of statement, geographic and temporal proximity to startling event).

Nor did the admission of the statements violate the defendant's confrontation rights, because the statements were

not testimonial in nature.  See Commonwealth v. Beatrice, 460 Mass. 255, 258 (2011) (confrontation clause bars admission in evidence of testimonial statements of witness who does not testify at trial unless witness was unavailable and there was prior opportunity to cross-examine).  Testimonial statements are those made for the primary purpose of creating an out-of-court substitute for trial testimony.  See Commonwealth v. Hart, 493 Mass. 130, 144 (2023).  To begin with, to the extent the first statement's admission is challenged on this ground, as a forward-looking statement, its primary purpose was not "to establish or prove past events potentially relevant to later criminal prosecution."  Davis v. Washington, 547 U.S. 813, 822 (2006).  Consequently, it was not testimonial.  Id.  Likewise, the second statement's purpose was to address an ongoing emergency.  Thus, it, too was nontestimonial.  Michigan v. Bryant, 562 U.S. 344, 358 (2011) (statements made to police to meet an ongoing emergency were "not procured with a primary purpose of creating an out-of-court substitute for trial testimony" and thus were not testimonial).  Both statements were also made while the victim was under extreme emotional and physical distress in the immediate aftermath of being attacked by the defendant.  Further, the statements were not made in response to formal questioning; rather, one was made in response to the defendant's demand that the victim go to him and get away

from the police, and the other was made in response to an officer's attempt to console the victim.  Under the circumstances, the ability for a reasonable person in the child victim's position to think about anything other than what he had just endured, such as creating trial testimony, is unlikely.  See Hart, supra at 144-145 (factors to determine whether statements are testimonial include condition of witness and nature of interaction between witness and police).  As the statements were nontestimonial, their admission in evidence did not violate the defendant's confrontation rights.  There was no error.

Judgments affirmed.

By the Court (Rubin, Desmond & Singh, JJ.[1]),

Clerk

Entered:  March 5, 2025.

---

[1] The panelists are listed in order of seniority.